TROUP, ADMINISTRATOR OF PULTENEY, *against* MULLENDER.

NEWYORK,
Oct. 1812.

TROUP
*v*
MULLENDER.

Lands were conveyed to P. an *alien,* under the act of the 2d of *April,* 1798, & his agent leased the lands by a parol demise, from year to year, reservingrent, & afterwards took a promissory note from the tenant, for the arrears of rent, payable to P. In an action brought on the note by the administrator of P. it was held to be void under the act. (Sess. 25. c. 72.)

THIS was an action of *assumpsit.* The declaration was on a promissory note given by the defendant to the plaintiff's intestate, dated the 27th of *December,* 1803, for 362 dollars and 52 cents, payable on the 1st of *January,* 1805, with interest. The defendant pleaded *non assumpsit,* and *the statute of limitations,* with notice of a set-off, and that he would give in evidence at the trial, " that in and by an act of the legislature entitled ' An act to enable aliens to purchase and hold real estate in this state, under certain restrictions therein mentioned,' passed the 2d *April,* 1798, it was, amongst other things, ordained, that all and every conveyance or conveyances, thereafter to be made or executed, to any alien or aliens, not being the subject or subjects of some sovereign, state or power at the time of such conveyance at war with the *United States of America,* should be deemed valid to vest the estate thereby granted in such alien or aliens, and that it should be lawful to and for such alien or aliens to have and to hold the same to his, her or their heirs and assigns, for ever, any plea of alienism to the contrary notwithstanding ; provided, that it should not be lawful for any such alien to reserve any rent or service whatever, upon any *grant, lease,* or demise or conveyance whatever, to be made of any such lands or tenements ; and all notes, payments, services or reservations whatever, which should be reserved or made payable, in, by, or in consequence of, such grant, lease, demise or conveyance whatsoever of any such lands or tenements, were, by the said act, declared to be utterly void and of no effect;" and that the defendant would further give in evidence " that the intestate, Sir *William Pulteney,* in his lifetime, was an alien, and subject of the King of *Great Britain ;* and, being such alien, did, in *March,* 1801, under and by virtue of the said act, accept and receive, from *Charles Williamson,* a conveyance of a certain farm, or lot of land, being, &c. which farm was leased to the defendant, and an annual rent reserved thereon ; and that the promissory note, mentioned in the first count of the plaintiff's declaration, was given by the defendant to the said Sir *William Pulteney,* for arrears of rent, due at the date thereof, and payable in consequence of such demise ; and so the defendant will contend that the said note was utterly void and of no effect." The making of the note was admitted, and there was an endorsement of 216 dollars and 78 cents,

NEWYORK, paid by one *Samuel Colt*, dated the 18th of *July*, 1806, signed by
Oct. 1812. *John Hyslop*, who was the *agent* of the intestate; and who had
TROUP gone to *Europe* a short time before the commencement of the pre-
v. sent suit.
MULLENDER.

The proof of the plaintiff was objected to as insufficient to take
the case out of the statute; but the judge ruled that it was *prima
facie* sufficient for that purpose. The defendant then proved that
the intestate was an alien; that the note was given to him on a
settlement of accounts between him and the defendant; that the
items of the account, admitted to be valid, were for rent for the
use and occupation of a lot of land in *Ontario* county, which had
been conveyed to the intestate, on the 31st of *March*, 1801; that
the defendant held the land by permission of the intestate; but it
did not appear that any lease had been executed, or any express
reservation of rent made. A verdict was taken for the plaintiff
for 298 dollars and 85 cents, subject to the opinion of the court,
on a case containing the facts above stated.

*Henry*, for the plaintiff, contended, 1. That the evidence, on
the part of the plaintiff, was sufficient to take the case out of the
statute. Any slight acknowledgment of a debt had been consi-
dered sufficient for that purpose. An endorsement of part pay-
ment on the note takes it out of the statute; and it has been deci-
ded, that a receipt for interest endorsed on a bond, within twenty
years, would prevent the operation of the statute.*

* 2 *Str.* 826.
2 *Ld. Raym.*
1370. S. C. 3
*Bro. P. C.*
593. (535.)

2. The special matter offered in evidence at the trial, could not
be received under the notice which accompanied the plea of *non
assumpsit*. A notice should, in substance, be as precise as a spe-
cial plea. Now this notice does not state to whom the farm was
leased, nor at what time.

Again, the statute, (sess. 21. c. 72.) passed the 2d of *April*,
1798, supposes the lands to be conveyed by the alien, on which
the rents are reserved; but the notice does not state by whom the
farm was leased; and it might be, that *Williamson* leased it.
The act, no doubt, intends leases given by aliens, reserving rent.

*H. Bleecker*, contra, said, that the statute of limitations was a
very useful act, and ought to be favoured; and judges in *England*,
of late years, had regretted that they had been so easy to take

† 1 *Esp. Cas.* cases out of the operation of the statute.† There is a great differ-
436. ence between *length of time* which operates as a *bar* to a claim,

and that which is used only *by way of evidence.* A jury is con- <span>NEW YORK,</span> cluded by length of time which operates as *a bar*, as where the statute of limitations is pleaded in bar to a debt.[*]

In the case of *Serle* v. *Barrington*,[†] *Pratt*, Ch. J. doubted as to the evidence of the endorsement on the bond ; there was a new trial granted, and it appears[‡] that, on the second trial, additional evidence was given to induce the jury to believe the bond satis- fied.

In *Fuller* v. *Hancock*,[§] in the superior court of *Connecticut*, it was decided that an endorsement on the bond did not take it out of the statute.

The facts stated in the case clearly show that the note was given for rent reserved to Sir *William Pulteney*, on land which had been conveyed to him. Any contract for letting land, re- serving rent, whether by deed, or writing, or by parol, was with- in the statute. It was not necessary to prove a written lease. .

*Per Curiam.* It will be unnecessary to take notice of the first point made in this cause, respecting the evidence of the endorse- ment, because the court are of opinion that this was a case of a pa- rol demise, and reservation of rent, since the alienation of the pre- mises to Sir *William Pulteney*, and, consequently, the considera- tion of the note was not valid under the act of the 25th session, c. 72. This objection is fatal to the plaintiff's right of action. It is to be understood, from the case, that the lands were demised from year to year, under a reservation of rent, by the agent of the in- testate, and that this was done as well since, as prior, to the sale to Sir *William Pulteney*, and the payments upon the note were more than sufficient to cancel all the lawful charges included in the note.

Judgment for the defendant.